46 C.C.P.A.

**Application of COMPAGNIE NATIONALE AIR FRANCE.**

**Patent Appeal No. 6424.**

United States Court of Customs and Patent Appeals.

April 22, 1959.

———◆———

Douglas H. Kenyon, New York City (Kenyon & Kenyon, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for Commissioner of Patents.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON, retired, Associate Judges.

MARTIN, Acting Chief Judge.

This is an appeal from a decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the refusal of the Examiner of Trademarks to register "Sky-Room" as a service mark for air transportation of passengers.

The sole evidence of appellant's use of the above term, the specimens submitted with the application, are copies of an advertisement from the July, 1954 issue of "Boston Business," appearing as follows:

**THE WORLD'S MOST LUXURIOUS FLIGHT**

*The* **Golden Parisian**

**YOUR PRIVATE "SKY-ROOM"** ***To Paris***

With immediate connections to all Europe

Your private salon by day, double bedroom at night...Super Constellation non-stop overnight to Paris, Friday evening from New York. "Sky-Lounge" chairs and spacious cocktail lounge too. A new magnificence in famed Air France service and cuisine.

Send for Free Descriptive Folder

Golden Parisian surcharge $25 per person. "Sky-Room" charge $125 for 1 or 2.

**AIR FRANCE**
**THE WORLD'S LARGEST AIRLINE**

SEE YOUR TRAVEL AGENT OR AIR FRANCE, 493 Boylston St., Boston—Copley 7-5350

Section 45 of the Trade-Mark Act of 1946 (15 U.S.C. § 1127, 15 U.S.C.A. § 1127) reads, in part, as follows:

*Service mark.* The term 'service mark' means a mark used in the sale or advertising of services *to identify the services of one person and distinguish them from the services of others* and includes without limitation the marks, names, symbols, titles, designations, slogans, character names, and distinctive features of radio or other advertising used in commerce. (Italics ours.)

The Assistant Commissioner held that " 'Sky-Room' is merely the identifying name of a special room on applicant's luxury flight from New York to Paris," and that "the record fails to show that 'Sky-Room' is used by applicant to identify and distinguish its air transportation service," as required by Section 45 of the Trade-Mark Act of 1946, and accordingly refused registration under Section 3 of that Act (15 U.S.C. § 1053, 15 U.S.C.A. § 1053).

Appellant agrees that a registrable service mark must identify and distinguish the service of the applicant, and its contention is that, even though "Sky-Room" may designate a room on the airplane, it also identifies and distinguishes a service of the airline. The evidence introduced by appellant fails to substantiate this proposition.

Except for the words "Your Private 'Sky-Room'," "Your private salon by day, double bedroom by night" the words of the advertisement describe the features of this specific flight which are available to all the passengers who travel on the "Golden Parisian," whether or not they have reserved a "Sky-Room." The accompanying pictures which portray the "Sky-Rooms" show a man, woman and child in the day time surroundings of the room and two adults and a child in the room as, we presume, it appears when converted into a bedroom at night. Nothing in the advertisement pertaining to the "Sky-Room" identifies the air transportation service of appellant and there is no other evidence which reveals that the public considers "Sky-Room" as an identifying mark of this airline. In our opinion, the advertisement, taken as a whole, indicates that "Sky-Room" is used to connote a particular type of accommodation, regardless of who provides it, rather than to distinguish any service provided by appellant from similar services provided by others.

For the above reasons we affirm the decision of the Assistant Commissioner.

Affirmed.

RICH, Judge (concurring).

I agree that the decision below should be affirmed because I believe that no servicemark use (to coin a phrase having the same meaning as "trademark use") has been made of the words "Sky-Room." They aptly describe a private room on an airplane—a room in the sky —whether or not it is convertible to a sleeping compartment. They have been used in running text in a descriptive manner. In the absence of any evidence that the term "has become distinctive of the applicant's goods in commerce" (section 2(f), 15 U.S.C.A. § 1052(f)), the specimen we have before us fails to indicate, at least to me, that the public would be likely to take the words "Sky-Room" as indicating a service originating with Compagnie Nationale Air France as distinguished from any other airline using the same type of aircraft.

While the use of quotation marks has a slight tendency toward the establishment of appellant's claim, this emphasis is not sufficient by itself to turn that into a service mark which otherwise lacks the necessary characteristics, either inherently or by virtue of manner of use.